**Slip Op. 05-67**

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: SENIOR JUDGE NICHOLAS TSOUCALAS

```
_____
                                        :
SNR ROULEMENTS; SKF USA INC.,           :
SKF FRANCE S.A. and SARMA,              :
                                        :
              Plaintiffs,               :
                                        :
      v.                                :    Consol. Court No.
                                        :    97-10-01825
UNITED STATES,                          :
                                        :
              Defendant,                :
                                        :
              and                       :
                                        :
TIMKEN U.S. CORPORATION,                :
                                        :
              Defendant-Intervenor.     :
_____ :
```

**ORDER**

This matter comes before the Court pursuant to the decision of the Court of Appeals for the Federal Circuit ("CAFC") in <u>SNR Roulements v. United States</u>, 402 F.3d 1358 (Fed. Cir. 2005), and the CAFC's mandate of May 31, 2005, reversing and remanding the judgment of the Court in <u>SNR Roulements v. United States</u>, 24 CIT 1130, 118 F. Supp. 2d 1333 (2000).[1]

The CAFC held that the United States Department of Commerce's ("Commerce") interpretation of 19 U.S.C. § 1677a in calculating total expenses is permissible. The CAFC reasoned, however, to ensure a fair and equitable dumping margin, Commerce may account for credit and inventory carrying costs using imputed expenses in total United States expenses and using actual expenses in total expenses "provided that Commerce affords a respondent who so desires the opportunity to make a showing that the amount of imputed expenses is not accurately reflected or embedded in its

---

[1] The Torrington Company was acquired by the Timken Company in 2003, and is now known as Timken U.S. Corporation. The Court refers to defendant-intervenor as Timken U.S. Corporation in the caption.

actual expenses." <u>SNR Roulements</u>, 402 F.3d at 1361. Accordingly, pursuant to said decision by the CAFC, the Court hereby

**REMANDS** this case to Commerce to allow Plaintiffs an opportunity to show that its dumping margin was incorrectly determined because Commerce's use of actual expenses did not account for United States credit and inventory carrying costs in the calculation of total expenses; and it is hereby

**ORDERED** that the remand results are due within ninety (90) days of the date that this order is entered. Any responses are due within thirty (30) days thereafter. Any rebuttal comments are due within fifteen (15) days after the date the responses or comments are due.

_____/s/ Nicholas Tsoucalas_____
NICHOLAS TSOUCALAS
SENIOR JUDGE

Dated:    June 13, 2005
          New York, New York